UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ASHLEY POSEY (#511449)                                                                                  CIVIL ACTION

VERSUS

JAMES ROGERS, WARDEN                                         NO. 13-0285-JWD-RLB

**O R D E R**

      The Court has concluded that there is a factual issue in this proceeding that must be addressed through a supplemental submission by the parties, *i.e.,* whether the petitioner submitted to prison officials for filing, on or about October 14, 2008, an application for supervisory review before the Louisiana Supreme Court in connection with the direct review of her state court criminal conviction. Whereas the petitioner has provided the Court with unsworn assertions that she submitted such an application to the Louisiana Supreme Court on that date, and has also provided a copy of a purported cover letter bearing that date, addressed to the Louisiana Supreme Court and purportedly enclosing the referenced writ application, *see* R. Doc. 12-1 at p. 1, and whereas there is a copy of such an application in the certified copy of the record maintained by the state district court, bearing a date-stamp as "filed" in that court on October 20, 2008, it does not appear that the original application was ever in fact received or filed by the Louisiana Supreme Court. Notwithstanding, the United States Court of Appeals for the Fifth Circuit has instructed that, "in Louisiana courts, a *pro se* prisoner's pleading is deemed filed on the date that the prisoner submits the pleading to prison authorities to be mailed, regardless of whether the pleading actually reaches the court." *See Stoot v. Cain*, 570 F.3d 669, 672 (5th Cir. 2009). This Court must determine, therefore, as a factual matter, whether and if so when the

Warden, LCIW

petitioner in fact submitted the referenced writ application to prison officials for mailing to the Louisiana Supreme Court.  *See id.*

In addressing and resolving the referenced factual question, this Court is authorized and instructed to consider the state court record and any other pertinent documentation, including but not limited to affidavits or sworn assertions submitted by the petitioner pursuant to 28 U.S.C. § 1746, prison mail logs, certified mailing or postal receipts, indigent/legal mail records or requests, prison mailroom records, commissary records or other prison records reflecting expenditures for postage, and date-stamped copies of pertinent documents in the parties' possession or control.  Accordingly,

**IT IS ORDERED** that, within thirty (30) days of the date of this Order, the Warden of the Louisiana Correctional Institute for Women, Jim Rogers, shall file with the Clerk of this Court an affidavit describing the prison mailing system as it operated in October, 2008, stating whether any prison mail logs, indigent/legal mail forms, mailroom records, records reflecting purchases or expenditures for postage, or other documents exist or are routinely created and/or maintained that would confirm or refute whether Ashley Posey (Inmate No. 511449) placed an application for supervisory review addressed to the Louisiana Supreme Court into the prison mail system on or about October 14, 2008.  If any such records or documentation exist, certified copies thereof shall be attached to the respondent's affidavit.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this Order, the petitioner shall file with the Clerk of this Court any documentation within her possession or control that may support her contention that she placed an application for supervisory review addressed to the Louisiana Supreme Court into the prison mail system on or about October 14, 2008, as well as documentation that may reflect that she acted with reasonable diligence to

follow up and/or make inquiry regarding the status of that application after such mailing. The petitioner's response may include an affidavit or statement submitted under penalty of perjury in accordance with 28 U.S.C. § 1746.

**IT IS FURTHER ORDERED** that the affidavit of Warden Rogers shall also provide information regarding inmate Posey's prison account during the month of October and November, 2008, specifically including information concerning purchases or expenditures for postage charges. The Warden shall state whether inmate Posey was required to tender or request an appropriate amount for postage for legal or personal items submitted for mailing in October, 2008, and if so, whether such amount(s) were in fact tendered by inmate Posey in connection with her alleged mailing to the Louisiana Supreme Court in October, 2008. A certified copy of any records supporting the Warden's response shall be attached to the respondent's affidavit.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail copies of the following documents to Warden Jim Rogers at the Louisiana Correctional Institute for Women:

(1) A copy of this Order; and

(2) A copy of Inmate Posey's purported cover letter addressed to the Louisiana Supreme Court, dated October 14, 2008 (R. Doc. 12-1, p. 1).

Signed in Baton Rouge, Louisiana, on April 28, 2015.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**