UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ASHLEY POSEY (#511449)** | **CIVIL ACTION** |
| **VERSUS** | |
| **JAMES ROGERS, WARDEN** | **NO. 13-285-JWD-RLB** |

**OPINION**

This matter comes before the Court on the objections (Doc. 31) by petitioner Ashley Posey ("Petitioner" or "Posey") to the Magistrate Judge's Report and Recommendation ("R&R") (Doc. 24). Posey had previously filed a petition for writ of habeas corpus challenging her 2007 conviction in Louisiana state court on one count of second-degree murder. (Doc. 1) The R&R recommended that the petition be dismissed, with prejudice, as untimely. (Doc. 24 at 15.) Petitioner now objects and submits an affidavit (styled a "Verification") in which Petitioner swears under oath (1) that she "mailed [her] Supreme Court writ application, with first class postage prepaid, together with a cover letter addressed to the Supreme Court clerk" and (2) that Petitioner "did in fact submit a timely application for supervisory review to prison officials for mailing to the Louisiana Supreme Court within thirty (30) days of the intermediate appellate court decisions". (Doc. 31-1 at 2.) The Court has carefully considered the law, the facts in the record, and the arguments of the Petitioner and is prepared to rule.

For the following reasons, Posey's objections are overruled. Here, the state has submitted evidence of both its mailing procedures and a mail log, both of which contradict the Petitioner's assertions. The mail log does not reflect any pleadings sent to the Louisiana Supreme Court on October 14, 2008; rather, these logs show pleadings forwarded to the District Attorney and the State District Court on October 15, 2008. As a result, the Petitioner's sworn statement is

conclusory and unsupported by the record, and the Court therefore rejects it. *Cf. Medley v. Thaler*, 660 F.3d 833 (5th Cir. 2011) (rejecting state's argument that petitioner's invocation of mailbox rule was conclusory when petitioner had submitted ample documentation in support of his sworn statement, including signed statements in his brief, a form sent to the prison mail room, and a withdrawal request for the filing fee, and when the petitioner did "not have the benefit of additional documentation, such as an entry on the prison mail log, because the prison staff wrongly rejected his attempted mailing"); *Mitchell v. Warden, Louisiana State Penitentiary*, No. 11-0256, 2014 WL 7178984 (W.D. La. Dec. 16, 2014) (finding based on petitioner's affidavit—the "universe of available facts"—that petitioner had timely submitted his notice of appeal when state did not offer any competing evidence and did not submit any evidence regarding its mail room procedures; evidence was "not overwhelmingly specific, but it appear[ed] that it [was] all of the evidence that exist[ed] on this issue").

Additionally, Petitioner has not acted diligently. Petitioner failed to inquire as to the status of her writ application for sixteen months. When her writ was finally denied, she waited almost a year before filing her post-conviction relief application. About two and a half months after the Louisiana Supreme Court denied further review of this application, the petitioner filed the instant habeas petition.

These delays contrast considerably to *Williams v. Thaler*, 400 F. App'x 886 (5th Cir. 2010). There, the petitioner inquired into the status of his filing nine months after it was filed and was told the matter was still pending. He inquired again eight months later and again five months later, and he was informed each time that his state habeas petition was still pending. Three months later, he sent his fourth inquiry and was informed that his application had been denied fifteen months prior. After receiving notice of his denial, he sent his habeas petition two weeks and five days

later. The Fifth Circuit concluded that the petitioner acted with "diligence and alacrity" in pursuing his federal habeas rights and, due to exceptional circumstances, the petitioner was entitled to equitable tolling. Conversely, the Petitioner in this case has fallen well short of this level of diligence.

In sum, Posey cannot prevail through a conclusory affidavit that is unsupported and contradicted by the record. Accordingly, for these reasons and for the reasons stated in the R&R,

**IT IS ORDERED** that the petitioner's application for habeas corpus relief is dismissed, with prejudice, as untimely.

**IT IS FUTHER ORDERED** that in the event that the petitioner seeks to pursue an appeal, a certificate of appealability is denied.

Signed in Baton Rouge, Louisiana, on <u>January 2, 2018</u>.

_____
**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**